JOHN SMITH, a widower, *Appellant*, v. ALICE PRESHA, a widow, *Appellee*.

En Banc.

Opinion filed March 24, 1931.

*Jones & Green,* for Appellant;

*M. S. McGregor,* for Appellee.

PER CURIAM.—In this case brief has been filed by appellant which fails to comply with amended Rule 20 adopted November 5, 1930, in that the brief comprises more than Twelve (12) pages and does not have an index of its contents nor an alphabetical list of authorities therein cited attached thereto, nor does the first division of the brief contain a statement of the questions involved, though they are stated elsewhere in the brief.

Section "g" provides:

"When no brief has been filed by the plaintiff in error or appellant, within the time required by, or in accordance with, the rules hereinabove set forth, the cause may be dismissed or costs imposed upon the party thus in default, upon motion of the defendant in error or appellee or by the court of its own motion, or the judgment may be affirmed, unless, upon motion, for good cause shown, the court sees fit to permit additional time for the amendment of briefs filed or the filing of new briefs, in compliance with the requirements of the foregoing rules."

Neither is there given in the brief a History of the Case as the rule requires.

That portion of the brief entitled "Statement of Facts" is not required by the rule and is more or less superfluous and confusing  The rule requires appellant's first or main brief to consist of three major divisions. First, a statement of the questions involved; second, a history or statement of the case and, third, the argument.

The statement of the questions involved is designed to enable the court to obtain an *immediate* view of the nature of the controversy.  Each question to be in a separate paragraph, preferably of not more than ten lines and so phrased that the point of *law* intended for solution may plainly appear.  The question to be immediately followed by an "answer stating simply whether it was affirmed, negatived, qualified or not answered by the court below".  The questions presented to this court for decision should be included in the Statement of the Questions Involved."

The "History of the Case" is intended as an aid to or explanation of the questions involved and should contain without argument a closely condensed chronological statement in narrative form of the essential and pertinent history of the case, that is to say as the rule explains, a condensed statement of the essential substance of the pleadings, proceedings and facts which are necessary to be known in order to determine the points in controversy. In this division there should be briefly stated the verdict, judgment or decree appealed from.

In other words, a "question involved" as stated in the first division of the brief should find a brief historical review or explanation in the second division or "History of the Case".  The third division of the brief should

be devoted to the argument. In this division of the brief it may be pointed out what assignments of error present any particular question of law appearing in the ''Statement of the Questions Involved''.

It is believed that if these rules are observed and carefully followed much time will be conserved and expense saved in the disposition of causes and much assistance rendered to the Court in its labors.

The case is before us on motion to dismiss because of violation of the rule. The motion should be granted. It is so ordered.

Dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.